(115 App. Div. 64)

### KENT v. SHEPARD.

(Supreme Court, Appellate Division, Second Department. October 5, 1906.)

WILLS—ESTATES IN TRUST—POWER OF DISPOSITION.

A testator in one clause devised the residue of his estate to his wife and son-in-law in trust, with power to take possession of the realty and sell the same, and to pay from the income annuities to his daughter and sister, and the residue to his wife, and in another clause provided that on the death of the wife the residue should go to his son-in-law and brother-in-law in trust to pay the annuities, and at the death of the daughter and sister to distribute the estate equally between his children. The wife died and there was sufficient personal property to pay the legacies and to create a fund out of which to pay the annuities. Held, that the son-in-law, who qualified and served as executor and trustee, had no power to sell the estate; the first clause creating a trust to pay the annuities and the balance

to the wife, with an incidental power of sale, and the second clause creating a trust to pay the same annuities and to distribute the residue of the estate equally between the children.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 1650, 1651.]

Jenks, J., dissenting.

Submission of controversy under Code Civ. Proc. § 1279, between Henry Russell Kent, executor and trustee of John Dickinson, deceased, and A. Warner Shepard. Judgment for defendant.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Rastus S. Ransom, for plaintiff.
Thomas H. York, for defendant.

HOOKER, J. The parties hereto entered into a contract, the plaintiff to sell and the defendant to purchase certain real property which was part of the residuary estate of the plaintiff's testator. At the time provided in the contract for closing the title the defendant refused to perform upon the ground that under the will of the plaintiff's testator the authority of the executor and trustee mentioned in the will was not broad enough to empower him to convey, and hence by his deed defendant would not acquire good title. The parties have submitted this agreed case, and ask for an adjudication of the plaintiff's power and authority under the will to convey the premises described in the agreement.

After certain specific bequests, the testator, by the fifth paragraph in his will, provided:

"Fifth. I do hereby give, devise and bequeath all the rest, residue and remainder of my estates, real and personal, of whatsoever nature and description and wheresoever situated, unto my beloved wife, Hannah Maria Dickinson, and my son-in-law, Henry Russell Kent, both of the city of Brooklyn, to have and to hold the same, in trust, however, for the following uses and purposes, namely: * * * (3) To take possession of my real estate and manage the same, rent and lease the same, collect and receive the rents thereof, pay insurance, taxes, assessments, and all charges pertaining thereto; and also with full power and authority to sell said real estate, or any part thereof, at such price and upon such terms as they may deem best, and to make, execute, acknowledge and deliver all deed or deeds necessary and proper for the conveyance thereof, to the purchaser or purchasers thereof. Upon the sale of said real estate or any part thereof to invest the proceeds thereof in the manner hereinbefore provided for the investment of my personal estate. (4) After the payment of all taxes, assessments and all other charges and expenses upon my real and personal estate, to pay the net income, then remaining as follows, viz.: To my daughter Sophia Elizabeth Schnippe, now living in Brooklyn, during her natural life, the sum of two hundred and fifty dollars, the same to be paid as follows: One hundred and twenty-five dollars half yearly; such annuity to commence at the time of my decease. To my sister Eliza Jane Dickinson, now residing with me, for and during her natural life, the sum of two hundred and fifty dollars. The same to be paid to her as follows: One hundred and twenty-five dollars half yearly; such annuity to commence at the time of my decease. All the rest, residue and remainder of said net income of my said real and personal estate I do give unto my said wife for and during her natural life, subject, however, to the payment therefrom of such sum or sums of money as she may deem necessary for the support and education of my children during their minority."

The sixth paragraph of the will provided for two specific bequests to certain granddaughters of the testator upon the death of his wife. The seventh paragraph authorizes his wife to distribute household effects, fixtures, and jewelry, which should not be considered part of the residuum of the estate. The eighth paragraph provided as follows:

"Upon the death of my said wife I do give, devise and bequeath all the rest, residue and remainder of my said estates, and the proceeds of such parts thereof as may have been sold by my said trustees under this my will, and all investments thereof unto my brother-in-law Oscar B. Jannin and my son-in-law Henry Russell Kent, to have and to hold the same in trust however, for the following uses and purposes, namely: To invest sufficient thereof to pay the annuities hereinbefore given to my said sister and daughter, and to hold such investments for and during the lives respectively of my said sister and daughter; and upon their death to convert said securities into money, and to divide and distribute the same equally to and between my children. Should either of said children die leaving issue, then such issue to take the parent's share, otherwise the survivors of said children to take such share. To set over, assign, convey and distribute as soon after the decease of my said wife as possible, all the rest, residue and remainder of my said estates, real and personal, and of the proceeds and investments thereof (not vested as aforesaid for the payment of said annuities to my said sister and daughter) equally to and between my said children."

The plaintiff claims that the whole context of the will, and particularly the devise and authority contained in paragraphs "fifth" and "eighth" thereof, gives and vests in said executor and trustee full power to convey to defendant the premises mentioned and described in the contract. The defendant contends that upon the death of Hannah Maria Dickinson, the widow of John Dickinson, deceased, the devise and power·contained in paragraph "fifth" of the will, in so far as it relates to a conveyance generally of the real estate of which John Dickinson died seised, and not sold before her death, lapsed, and that upon her death (the legacies and annuities in said will being already provided for) the power of said executor and trustee was limited by the clause in said paragraph "eighth."

The account of the executor has been judicially settled, and from that settlement it appears that he has received sufficient personal property from which the legacies could be paid, and also that there is sufficient personal property remaining in his hands after payment of such legacies to provide a fund, the income of which will pay the annuities provided for in the will. The testator appointed his wife, Oscar B. Jannin, and Henry Russell Kent to be the executors of his will. Jannin failed to qualify, but the testator's wife and Kent qualified and served as executors and trustees. The testator died in December, 1897, and his wife died February 20, 1903. Since that time this plaintiff has been acting as sole executor and trustee under the last will and testament of John Dickinson, deceased.

· We have reached the conclusion that defendant should have judgment upon this submission. From a study of the whole will, and especially from a comparison of the provisions in the "fifth" and "eighth" paragraphs thereof, as to the proposed disposition of his estate, we believe that the intention of the testator is, with a reasonable degree of certainty, apparent. His scheme was that, so long

as his wife lived, she and Kent should hold the residuum of the estate in trust, and out of the net income pay the annuity of $250 each to the testator's daughter Sophia and sister Eliza, the balance to be paid to the wife during the term of her natural life, subject to the payment therefrom of such moneys as she might deem necessary for the support and education of his children; and as an incident to this trust, the trustees, his wife and Kent, were to have the power in trust to sell any part of the real estate at such price and upon such terms as they deemed best and to invest the proceeds. By the full and complete mandates of the "eighth" paragraph of the will, and by the directions therein contained in respect to the same beneficiaries, it seems to us apparent that it was the testator's intention that upon the death of his wife the disposition of this same residuum of the estate should be under another plan, equally definite, which he then proceeded, in the "eighth" paragraph of the will, to define fully and particularly; for on the death of his wife he gave in trust to Jannin and Kent the same residuum which had been given to his wife and Kent in trust. These were the directions to the new trustees, namely: First, to invest enough of the residuum to pay the two annuities of $250 to his daughter Sophia and his sister Eliza, as he had directed his wife and Kent in the "fifth" paragraph of the will to do, to keep such investments for their benefit until their death, and after their death to divide the same equally between his children; and, second, to set over, assign, convey, and distribute, as soon after his wife's death as possible, all of the residuum equally between his children. Briefly, the "fifth" paragraph created a trust to pay the two small annuities and to pay the balance to the wife during her life, with an incidental power of sale. The "eighth" paragraph created a trust of so much of the residuum as was necessary to pay the same annuities, and granted to Jannin and Kent the power in trust to set over, assign, convey, and distribute the residuum of the estate equally to and between the children. The provisions of the "eighth" paragraph were so full and complete in carrying forward what had been directed by the "fifth" paragraph that it seems to us it was the testator's intention that the trust created by the "fifth" paragraph should cease and determine absolutely at the death of the wife. The wife died prior to the execution of the defendant's contract, and hence the plaintiff no longer held any part of the estate in trust by virtue of the provision of the "fifth" paragraph. The nature of his trust was rather defined by the provision of the "eighth" paragraph, and he, with Jannin, in the plain language of that paragraph, except as to annuities, were possessed of nothing more than a power in trust to divide the estate among the children.

Our conclusion, therefore, is that the plaintiff does not possess the power he assumed to exercise in transferring the property described in the agreement between the parties, and judgment should enter accordingly.

Judgment for defendant on submission of controversy, without costs. All concur, except JENKS, J., who dissents.

GAYNOR, J. I concur. The power of sale in the fifth clause is not to the executors, but to two trustees, and it did not survive the death of the one who died, for the trust was terminated by that fact by the express words of the will. A new trust then came into effect under the eighth clause, and there is now no power of sale except thereunder, the executors having been given no power of sale.